ALAN A. REUTER, ESQUIRE
**NASH LAW FIRM, LLC**
**1001 MELROSE AVENUE, SUITE A**
**BLACKWOOD, NEW JERSEY 08012**
**TEL.: (856) 228-2206**
**FAX: (856) 228-1885**
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN NOLASCO, | Civil Action |
| Plaintiff, | |
| vs | DOCKET NO.: 14-5642 |
| LANDMARK AMERICANA TAP & GRILL, | |
| Defendant. | **AMENDED ANSWER** |

Defendant Landmark University City, LLC (improperly plead as Landmark Americana Tap & Grill) by way of answer to the complaint, says:

**JURISDICTION AND VENUE**

1. The allegations in this paragraph call for a legal conclusion for which no response is required.
2. The allegations in this paragraph call for a legal conclusion for which no response is required.
3. The allegations in this paragraph call for a legal conclusion for which no response is required.

**PARTIES**

4. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation in this paragraph and same is therefore denied.
5. Admitted that Defendant is a limited liability company with a place of business in Philadelphia, Pennsylvania.
6. The allegations in this paragraph call for a legal conclusion for which no response is required. Admitted that Defendant operates a bar and restaurant in Philadelphia, Pennsylvania.

7. The allegations in this paragraph call for a legal conclusion for which no response is required.

**FACTS**

8. Admitted that Defendant employed Plaintiff from March 2010 through July 2014 and that he was paid a weekly salary.
9. The allegation in this paragraph calls for a legal conclusion for which no response is required. By way of further answer without waiving same, Plaintiff was an assistant kitchen manager at all relevant times, and his duties included but were not limited to, cooking and performing manual work in the kitchen.
10. Upon information and belief at the present time, it is believed that Plaintiff worked approximately 65 hours during a typical week.
11. Denied.
12. Denied.

**COUNT 1**

**(Alleging Violation of the FLSA)**

13. Defendant repeats each and every answer set forth in response to the above paragraphs as if same were set forth herein at length.
14. The allegation in this paragraph calls for a legal conclusion for which no response is required.
15. The allegation in this paragraph calls for a legal conclusion for which no response is required.
16. The allegation in this paragraph calls for a legal conclusion for which no response is required.
17. The allegation in this paragraph calls for a legal conclusion for which no response is required. By way of further answer, without waiving same, denied.
18. The allegation in this paragraph calls for a legal conclusion for which no response is required. By way of further answer, without waiving same, denied.

**COUNT II**

**(Alleging Violations of the PMWA)**

19. Defendant repeats each and every answer set forth in response to the above paragraphs as if same were set forth herein at length.

20. The allegation in this paragraph calls for a legal conclusion for which no response is required.
21. The allegation in this paragraph calls for a legal conclusion for which no response is required.
22. The allegation in this paragraph calls for a legal conclusion for which no response is required.
23. The allegation in this paragraph calls for a legal conclusion for which no response is required. By way of further answer, without waiving same, denied.

WHEREFORE, Defendant demands judgment dismissing the complaint and awarding such fees, costs and other relief as the Court deems just and equitable.

Date: November 7, 2014
_/s/ Alan Reuter_____
Alan Reuter, Esq.
ID#: AR0197
Nash Law Firm LLC
1001 Melrose Avenue
Blackwood, NJ 08012
856-228-2206
Attorney for Defendant

**SEPARATE DEFENSES**

1. The Complaint fails to state a claim against Defendant upon which relief can be granted.
2. Defendant is not indebted to Plaintiff for any sum whatsoever.
3. This Court lacks subject matter and/or personal jurisdiction over Defendant.
4. Some or all of Plaintiff's claims asserted against Defendant are barred in whole or in part by the common law, contractual and/or statutory period of limitations.
5. Plaintiff's allegations are barred in whole or in part by the Doctrine of Estoppel and/or Equitable Estoppel.
6. Plaintiff's claims are barred in whole or in part by the Doctrine of Laches.
7. Plaintiff's claims are barred in whole or in part by the Doctrine of Accord and Satisfaction.

8. The claims of Plaintiff are barred because Plaintiff was properly classified as exempt from the minimum and/or overtime requirements of the Fair Labor Standards Act and the Pennsylvania Minimum Wage Act.
9. Plaintiff did not notify Defendant, or purposely prevent Defendant from acquiring knowledge of Plaintiff's alleged overtime work, and therefore Plaintiff did not violate the Fair Labor Standards Act or the Pennsylvania Minimum Wage Act.
10. Defendant has, at all times, acted in good faith compliance with the Fair Labor Standards Act and the Pennsylvania Minimum Wage Act, and has had reasonable grounds for believing it is in compliance with the Fair Labor Standards Act and the Pennsylvania Minimum Wage Act.
11. Defendant presently has insufficient knowledge or information as to whether it may have additional, yet unasserted, affirmative defenses. Defendant therefore reserves the right to assert such additional affirmative defenses in the event discovery or further proceedings indicate such defenses would be appropriate.

>Nash Law Firm, LLC
>Attorneys for Defendant
>
>_/s/ Alan Reuter_____
>Alan A. Reuter, Esq.

### JURY DEMAND

Defendant hereby demands a trial by jury as to all issues.

### DESIGNATION OF TRIAL COUNSEL

TAKE NOTICE that Alan A. Reuter, Esq. of Nash Law Firm, LLC is hereby designated as trial counsel for Defendant.

>Nash Law Firm, LLC
>Attorneys for Defendant
>
>_/s/ Alan Reuter_____
>Alan A. Reuter, Esq.

**CERTIFICATE OF SERVICE**

    I hereby certify that true and correct copies of Defendant's Answer and Separate Defendants were served upon the parties set forth below this date in the manner described:

Clerk
U.S. District Court, Eastern District of Pennsylvania,
601 Market Street, Room 2609
Philadelphia, PA 19106-1797
Via ECF

Mr. Mark J. Gottesfeld
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Via ECF, first class mail and facsimile

                                       Nash Law Firm, LLC
                                       Attorneys for Defendant

                                       _/s/ *Alan Reuter*_____
                                       Alan A. Reuter, Esq.